CLD-103                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1259
_____

IN RE:  EUGENE VILLARREAL,
                                          Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 2-18-cv-10444)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 14, 2019
Before:  CHAGARES, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed:  March 14, 2019)
_____

OPINION*
_____

PER CURIAM

Eugene Villarreal has filed a petition for a writ of mandamus.  For the reasons

below, we will deny the petition.

In 2009, a foreclosure complaint was filed against Villarreal in a state court in

New Jersey.  A final judgment of foreclosure was entered in May 2016, and the property

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

was sold at a Sheriff's sale in February 2018. Villarreal received notice to vacate the property by June 18, 2018. On June 12, 2018, Villarreal filed a complaint in the United States District Court for the District of New Jersey against several parties involved in the foreclosure proceedings. He requested that the District Court enjoin the Sheriff from evicting him. The Defendants filed motions to dismiss which the District Court granted. The District Court declined to grant injunctive relief. Villarreal then filed this mandamus petition.

The writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976). A writ is not a substitute for an appeal. See In Re Brisco, 448 F.3d 201, 212 (3d Cir. 2006).

In his mandamus petition, Villarreal requests that we issue an order stopping the Sheriff from evicting him on January 30, 2019. Villarreal filed an emergency motion to stay the eviction, which we denied on January 29, 2019. Thus, we have already determined that Villarreal has not demonstrated a clear and indisputable right to that relief. See In re Revel AC, Inc., 802 F.3d 558, 568 (3d Cir. 2015) (when considering motions to stay, the most important factor is whether the petitioner has made a strong showing of the likelihood of success on the merits).

Villarreal also asks that we order the District Court to enjoin every Sheriff from proceeding in foreclosure cases. Again, Villarreal has not shown a clear and indisputable

2

right to that relief.  Moreover, as a layperson, Villarreal cannot represent the interests of third parties.  See Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 536 n.1 (2007) (noting "general common law rule that nonattorneys cannot litigate the interests of another."); Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991) (non-lawyer parent cannot represent interests of his children).

Finally, Villarreal challenges the District Court's decision to dismiss his complaint.  But he has an alternative remedy, filing an appeal; and indeed he did so on February 21, 2019 (the appeal was docketed in our court as 19-1426).

Accordingly, we will deny the petition for a writ of mandamus.